**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JUAN PEREZ, Individually and on Behalf of all Others Similarly Situated,** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:20-cv-1611** |
| | § | |
| **DURON TECH.** | § | **JURY  DEMANDED** |
| **Defendant.** | § § § § § | |

---

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Juan Perez, on behalf of himself and other similarly situated individuals, by and through his undersigned counsel, files this Original Complaint and avers as follows:

### A.  NATURE OF ACTION

1.     This is a Collective Action Complaint brought to obtain relief on behalf of a class of individuals who operate(d) welders and related work for Duron Tech, LLC, "Duron") to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees. Plaintiff and would-be Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2.      Defendant employs "welders, helper and/or fitters", to deliver custom metal fabrication and mechanical tech support to their customers.

*Plaintiff's Original Complaint*                    1

3.    The FLSA collective group consists of all individuals who operate(d) as welders, helpers, and or fitters for Duron, and are or were classified as independent contractors working for Duron Tech, at any time during the applicable limitations period ("Class" or "Welders").

4.    This action challenges both the classification of welders as independent contractors and Defendants' denial to Plaintiffs and the Class of the rights, obligations, privileges and benefits owed to them as employees.

## B.  JURISDICTION AND VENUE

5.    Plaintiff's claims arise under the FLSA.   Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

7.    Upon information and belief, there are numerous members of the proposed Federal Collective Group.

## C.  THE PARTIES

8.    Plaintiff Juan Perez an individual residing in Houston, Harris County, Texas who works as a Welder for Duron Tech in Houston, Texas. He performs custom metal fabrication and related services for Duron Tech's customers.   Plaintiff Juan Perez operates out of the Houston location.  Plaintiff regularly worked approximately 40-50 hours per week and did not receive full regular pay nor overtime premium pay at any time during the relevant time period.

9.    Defendant Duron Tech. is a Texas corporation with its principal place of business at 9110 Taub Road, Houston, Texas 77064, United States.  Duron Tech hires individuals, whom it classifies as welders,  helpers and or fitters, to manufacture its custom metal products and

services.

10.    Duron Tech is a Texas limited liability company with its principal place of business in

Houston, Texas.  Duron Tech may be served through its registered agent: Edward A.

Ramos at 9110 Taub Road, Houston, Texas 77064.

### D.  COLLECTIVE ACTION ALLEGATIONS

11.    For purposes of this action, the "relevant period" is defined as that period commencing

three years prior to the date this lawsuit was filed, and continuing thereafter.

12.    Plaintiffs bring this Complaint as a collective action, alleging violations of the FLSA on

behalf of themselves and all similarly situated individuals.  This "Federal Collective

Group" is defined as three subclasses:

> All individuals who, through a contract with Defendants or otherwise, performed or perform as Welders for Defendants under an agreement with Duron Tech, LLC and who were classified by Defendants as "independent contractors" (collectively "Covered Positions") from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period, who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

> All individuals who, through a contract with Defendants or otherwise, performed or perform as Helpers for Defendants under an agreement with Duron Tech, LLC and who were classified by Defendants as "independent contractors" (collectively "Covered Positions") from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period, who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

> All individuals who, through a contract with Defendants or otherwise, performed or perform as Fitters for Defendants under an agreement with Duron Tech, LLC and who were classified by Defendants as "independent contractors" (collectively "Covered Positions") from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period, who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

13.     The "Federal Collective Group" also includes the named Plaintiff in this action.  Plaintiffs reserve the right to modify this definition prior to conditional certification of the collective group.

14.     Plaintiff, along with current and former employees of Defendants, in covered positions are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendants' common practice, policy, or plan of controlling their daily job functions.

15.     Questions of law and fact that are common to the proposed Federal Collective Group predominate over any individual questions.  Among such common questions of law and fact include:

    a.   Whether Welders, helpers, and or fitters are employees subject to Duron Tech's control and thus entitled to relief under the Fair Labor Standards Act?

    b.   Whether Welders, helpers and fitters are entitled to full regular pay and overtime pay premiums under federal law?

16.     Defendants regularly permitted and required Plaintiff and members of the proposed Federal Collective Group to work more than 40 hours per week without full regular pay not overtime compensation.

17.     Upon information and belief, Defendants knew that Plaintiff and all similarly situated individuals performed work that required full regular pay and overtime pay.

18.     Defendants have operated under a scheme to deprive Plaintiff and members of the proposed Federal Collective Group of full regular pay and overtime compensation by failing to promptly compensate them for all time worked.

19.   Defendants' conduct, as set forth in this Complaint, was willful and has caused significant damages to Plaintiff and all similarly situated individuals.

20.   The complaint of Plaintiff, and those similarly situated, for violations of the FLSA may be brought and maintained as an opt-in" collective action pursuant to U.S.C. § 216(b) because the claims of Plaintiff and those similarly situated are similar to the claims of current and former "welders, helpers and fitters" who worked for Defendants.

21.   Defendants are liable under the FLSA for failing to properly compensate Plaintiff and all similarly situated individuals, and notice of this lawsuit should be sent to them.  Those similarly situated employees are known to Defendants and are readily available through Defendant's payroll records.


## E.  FACTUAL BASIS

22.   At all times relevant to this lawsuit, Defendant Duron Tech was, and remains, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C Section 203, and is subject to the FLSA.

23.   Defendant, Duron Tech, LLC ("Duron Tech" or "Defendant") produces custom metal fabrications and offers other mechanical technician services to its clients.

24.   Defendant's annual revenues exceeded $500,000 in each of the last five years.

25.   Defendant employed Plaintiff at all relevant times within the meaning of the FLSA. 29 U.S.C. Section 203(g).

26.   In performing his duties for Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce.

27.     Plaintiff was employed in an enterprise engaged in commerce or in the production of goods for commerce.

28.     Plaintiff was employed as a welder, helper and/or fitter.

29.     Plaintiff did not have any formal training, did not have the power to hire or fire employees and was not engaged in office and/or non-manual work.

30.     Plaintiff performs no administrative duties.

31.     Plaintiff customarily and regularly worked hours in excess of forty (40) per week. In performing his duties, Plaintiff regally works up to, and in excess of, 40-50 hours per week.

32.     Upon information and belief, other similarly situated employees also customarily and regularly work hours in excess of forty (40) hours per week and were paid in a fashion similar to Plaintiff.

33.     The work performed by the Plaintiff and other similarly situated employees was within Defendant's knowledge. Defendant set Plaintiff's and similarly situated employees' schedules, assigned work and supervised the work.

34.     Plaintiff and similarly situated employees are and were entitled to full regular compensation and overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendant did not pay Plaintiff and similarly situated employees the entitled regular pay nor one-and-one-half times their regular rates of pay for hours worked in excess of forty per week.

35.     Defendant's failure to properly compensate regular compensation violates 29 U.S.C. § 207(d).

### F.  CAUSE OF ACTION:
### FAILURE TO PAY OVERTIME
### TO FEDERAL COLLECTIVE GROUP

36.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the

preceding paragraphs.

37.     Section 206(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall
> employ any of his employees who in any workweek is engaged in
> commerce or in the production of goods for commerce, for a work
> week longer than forty hours unless such employee receives
> compensation for his employment in excess of the hours above
> specified at a rate not less than one and one-half times the regular
> rate at which he is employed.
>
> 29 U.S.C. § 207(a)(1).

38.     Section 206(d) of the FLSA provides in pertinent part:

> Every employer shall  pay  to  each  of  his employees (other  than
> an employee to  whom  subsection  (a)(5) [1] applies) who  in  any
> workweek  is  engaged  in commerce or   in   the   production
> of goods for commerce, or is employed in an enterprise engaged in
> commerce or in the production of goods for commerce, and who in
> such workweek is brought within the purview of this section by the
> amendments  made  to  this chapter  by  the Fair Labor Standards
> Amendments of 1966, title IX of the Education Amendments of
> 1972 [20  U.S.C.  1681 et  seq.],  or  the  Fair  Labor  Standards
> Amendments  of  1974, wages at  the  following  rate: Effective
> after December 31, 1977, not less than the minimum wage rate in
> effect under subsection (a)(1).
>
> 29 U.S.C. § 207(d).

39.     There are no exemptions applicable to Plaintiff or to other members of the Federal

Collective Group.

40.     For purposes of the FLSA, the employment practices of Defendants were and are uniform

in all respects material to the claims asserted in this Complaint.

41.     At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

42.     In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime wages to Plaintiffs and other members of the Federal Collective Group.

43.     As a result of Defendants failure to pay full regular pay and overtime premium wages, Plaintiff and other members of the Federal Collective Group were damaged in an amount to be proved at trial.

44.     Therefore, Plaintiff respectfully demands that they and other members of the Federal Collective Group be paid full regular pay and overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest, damages, penalties and attorneys' fees as provided by law.

## G. JURY DEMAND

45.     Plaintiff demands a jury on all issues to be tried in this matter.  Plaintiff has submitted the jury demand and herein submits the jury fee.

## H. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and those similarly situated, request of this Court the following relief on behalf of themselves, all members of the Class and all other similarly situated individuals:

   a.   That the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

   b.   That the Court enter an order for declaratory and injunctive relief designating the Plaintiffs and members of the Federal Collective Group as employees and enjoining Defendants from pursuing illegal policies, acts, and practices described in this complaint;

   c.   Judgement declaring the Defendants' conduct as willful;

   d.   Judgment awarding Plaintiff and others similarly situated all unpaid regular wages and overtime wages, liquidated damages, attorneys' fees and costs under the FLSA;

   e.   An award of pre-judgment and post-judgment interest on all amounts awarded at

the highest rate allowable by law; and

f.  All such other and further relief to which Plaintiff and similarly situated employees
    may show themselves to be justly entitled.

Respectfully submitted,



By:_____

Alfonso Kennard, Jr.
Texas Bar No. 24036888
2603 Augusta Drive, 14th Floor
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**