IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUAN PEREZ, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>DURON TECH.<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 4:20-cv-01611<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT**

COMES NOW Juan Perez, individually and on behalf of all others similarly situated, (collectively referred to herein as "Plaintiffs") files this Plaintiffs' Motion for Entry of Final Default Judgment pursuant to pursuant to Rule 55 of the Federal Rules of Civil Procedure for the repeated failure of Defendant to participate at all in this matter, despite being served with this lawsuit on September 28, 2020. Thus, Plaintiffs will show the Court as follows:

**I.    PRELIMINARY MATTERS**

Defendant, Duron Tech, this is hereby notice that Defendant, Duron Tech, must file with the Court and serve on Plaintiff a response to this Motion for Default Judgment and to Plaintiffs' Original Complaint [Dkt. No. 1] within fourteen (14) calendar days of Plaintiffs' mailing (i.e., service) of this Motion for Default Judgment. Failure to respond within the time limit noted in this Motion for Default Judgment, in accordance with the Federal Rules of Civil Procedure, will result in the granting of this Motion for Default Judgment.

**II.    BACKGROUND FACTS**

1. Plaintiffs' Class Action Complaint against Defendant, Duron Tech, under the Fair Labor Standards Act ("FLSA") was filed on May 7, 2020. As indicated by the Proof of Service filed as

(Exhibit A), Defendant Duron Tech was served with the Summons and Complaint on September 28, 2020, but as of the time of this filing has not filed an answer or any other responsive pleading.

2. Plaintiffs were employed by Defendant, Duron Tech, as welders, helpers, and fitters. (Dkt. 1 ¶ 28). Plaintiffs allege that Duron Tech "was the FLSA employer" and "had gross sales or business done in excess of $500,000.00 annually" (Dkt. 1 ¶ 24-25.). Plaintiffs allege that their work for Defendant "affected interstate commerce for the relevant time period because the materials and goods that [he] used on a constant and/or continual basis and/or that were supplied to him by [them] to use on the job moved through interstate commerce prior to and/or subsequent to [his] use of the same." (Dkt. 1 ¶ 26-27) Plaintiffs also claim that Defendant's business affected interstate commerce because they "regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce." *Id*.

3. Plaintiffs allege Defendant's refusal to pay their overtime wages was willful and intentional, they were aware of the FLSA and recklessly failed to investigate whether their payroll practices complied with the statute, and owe each employee these wages from the commencement of their employment for the time period specified above. (Dkt. 1 ¶ 36-44)

4. The Defendant was required, by law, to timely respond to the Complaint within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). The Defendant in this case has defaulted.

5. On October 26, 2021, Plaintiffs requested that the Clerk enter default against the Defendant. The Clerk entered the entry of default on February 8, 2022.

6. Plaintiffs seek an award of damages of a sum certain resulting from Defendant's overtime violations under the FLSA, plus interest and fees that accrued and continued to accrue after October 19, 2020 (Defendant's default day), attorneys' fees, post-judgment interest, costs of suit, and all other relief in law and in equity to which Plaintiffs are entitled.

7. Therefore, Plaintiffs request that this Court enter the final judgment prayed for in their Original Complaint.

### III.   ARGUMENT AND AUTHORITES

In Support of the foregoing Motion for Final Judgment, Plaintiffs respectfully show the Court as follows:

8. Plaintiff filed its Original Complaint and Request for Waiver of Service of Process on May 7, 2020, seeking remedies under the FLSA for unpaid wages and violations regarding recordkeeping against Defendant, DURON TECH.

9. FRCP Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141. Here, because Defendant has failed to plead or otherwise defend, and Plaintiffs have obtained an entry of default against Defendant, the first two requisites for a default judgment have been met.

10. Defendant is neither an infant nor incompetent and has the capacity to sue or be sued. Finally, there do not appear to be any facts that would show good cause to set aside the default on Defendant's motion. *Id.* (*citing Lindsey*, 161 F.3d at 893). The facts and circumstances in this case mirror those in *Geiken* and default judgment is appropriate in this case just as it was in *Geiken*. *Id.* at *2 ("Therefore, the Court concludes that default judgment is appropriate under these circumstances.").

11. The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party."

*John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (*citing Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the plaintiff's complaint provides a sufficient factual basis for the plaintiff's claim for relief, and whether the requested relief is appropriate. *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (*citing United States v. 1998 Freightliner Vin #*: 1FUYCZYB3WP886986, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (*citing James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993))). *Id.*

12. Here, similar to *Gold & Silver Buyers, Inc.* Case, the Defendant, failed to answer or otherwise appear within the time required by the Federal Rules of Civil Procedure which place Defendant in default. *See id.* Therefore, Defendant has admitted the well-pleaded allegations of fact and is barred from contesting, *See id.* Accordingly, Plaintiff motions this Court to render a final default judgment against Defendant, Duron Tech.

13. Rule 55 of the Federal Rules of Civil Procedure allows entry of a default when a party against whom a judgment for affirmative relief is sought has failed to "plead or otherwise defend as provided by the federal rules." FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In the instant case, the clerk should enter a default against Duron Tech because they have not -and did not- file an Answer or other responsive pleading to Plaintiffs Complaint. Indeed, to this date, Defendant Duron Tech has not filed an Answer or otherwise shown they will defend against Plaintiff's claims.

14. Here, Plaintiffs' Complaint sets out that each Plaintiff worked for Defendant as a welder, helper, and fitter from on or about May, 2017 through on or about February 2022 (Dkt. 1 at ¶ 28-35). During that time, Plaintiffs worked an average of 40-50 hours per week and were not paid regular compensation and one-and-one half times rate for hours worked over forty (40) in one-

week. *Id.* These allegations are further supported by each Plaintiffs' Declaration. See **Exhibit A-1**.

15. The FLSA requires employers to compensate their employees at "… a rate not less than one and one-half time the regular rate at which he is employed" when such an employee works in excess of forty hours per workweek. See 29 U.S.C. § 207(a)(1). The facts set out in Plaintiffs' Complaint and in Plaintiffs' declaration establish overtime violations of the FLSA for failing to pay the extra half-time overtime rate and a sufficient basis for default judgment against the Defendant.

16. When determining the amount of damages to award to Plaintiff in the final default judgment, the Court must decide whether to apply the statute of limitations applicable to FLSA claims set out in 29 U.S.C. § 255(a). Ordinarily, the statute of limitations is an affirmative defense that must be pleaded to avoid waiver. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988) ("As an affirmative defense, respondent pleaded the 2-year statute of limitations."); *Hernandez v. Homesley*, No. 3:11-cv-01268-L, 2013 WL 124102 at *3 (N.D. Tex. Jan. 10, 2013) ("Under Federal Rule of Civil Procedure 8(c), the statute of limitations is an affirmative defense and must be affirmatively stated in a party's responsive pleading"). However, in entering default judgment in FLSA cases, courts may apply the statute of limitations when calculating damages. *See e.g. Bell v. Able Sec. & Investigations*, Civil Action No. 3:10-cv-1945-L, 2011 WL 2550846, at * (N.D. Tex. June 28, 2011) (entering default judgment in FLSA action but limiting award of damages to three year period for willful violation rather than awarding damages for entire period of employment).

17. In this case, Plaintiffs alleged that Defendant's violations of the FLSA were willful and there is nothing in the record to contradict this assertion. *See* (Dkt. 1 at ¶ 42). Even if the Court determines that the three-year statute of limitations for willful violations of the FLSA should apply, Plaintiffs' have already calculated their total damages for overtime violations, which is evidenced

in each Plaintiff's declaration. Based on each Plaintiff's declaration the Clerk should set the final judgment at $274,283.03. See **Exhibit A ¶ 9(a)**; **Exhibit A-1**.

18. Under the FLSA a district court generally must award a prevailing plaintiff liquidated damages that are equal in amount to the plaintiff's actual damages. *Owens v. Marstek, LLC*, 548 F. App'x 966, 972 (5th Cir. 2013). Pursuant to 29 U.S.C. § 260, a Court may decline to award liquidated damages, but only if an employer shows to the satisfaction of the Court that the failure to pay a plaintiff overtime wage was done in both good faith and that the employer had a reasonable basis for believing that his failure to pay overtime wages was not in violation of the FLSA. *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 226-227 (5th Cir. 1991); *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) (quoting *Singer v. City of Waco, Tex.*, 324 F.3d 813, 822 (5th Cir. 2003)).

19. The FLSA makes doubling of a wage award mandatory under the statute absent a showing of good faith. *See Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464 (5th Cir. 1979). The Court in *Barcellona* followed the rule that an employer who seeks to avoid liquidated damages bears the burden of proving that its violation was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict. *Barcellona*, 597 F.2d at 468.

20. "'[A]n employer found liable under section 206 or section 207 has the 'substantial burden' of proving to the satisfaction of the trial court that its acts giving rise to the suit are both in good faith and reasonable.'" *Owens*, 548 F. App'x at 972 (5th Cir. 2013) (quot*ing Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990)). To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 194 (5th Cir. 1985).

21. As Defendant is in default and has failed to answer or otherwise respond to the Complaint, the Defendant cannot carry their burden to prove that their violation of the FLSA was both in good faith and reasonable that would make it unfair to impose liquidated damages upon them. Therefore,

the Court should award liquidated damages as set out in paragraph 17, supra, and in the Declaration of Alfonso Kennard Jr. attached hereto as **Exhibit A**.

22. To recover attorney's fees in an FLSA case, a plaintiff must be considered the prevailing party. The prevailing party is the party that succeeds on any significant issue in the litigation and the success provides some benefit that had been sought by the party. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In this case, Plaintiffs will be the prevailing party in a suit under the Fair Labor Standards Act after entry of a judgment in their favor. The FLSA provides Plaintiffs the right to recover damages for unpaid overtime and an equal amount as liquidated damages, as well as attorney's fees and costs. 29 U.S.C. § 216(b). "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2)(A). The FLSA does not require plaintiffs to prove attorney's fees as an element of damages. *See e.g. Ramos v. Al-Bataineh*, Civil Action No. H-11-0380, 2013 WL 10373421 (S.D. Tex. Dec. 6, 2013) (Gilmore, J.) (addressing motion for attorney's fees in FLSA case filed after court found defendant to have willfully violated the statute and that the plaintiff was entitled to damages on FLSA claim); *see also* 29 U.S.C. §§ 206-207; 216(b). As Plaintiffs' claim for attorney's fees will not be ripe until after entry of a final judgment and such claim must be made by separate motion, Plaintiffs request that the Court set a deadline of twenty-one (21) days after the entry of a final judgment for the Plaintiffs to file their motion for attorney's fees and costs.

## IV.    PRAYER

For these reasons, Plaintiffs respectfully ask the clerk to enter an Order and Final Judgment in favor of Plaintiffs, as to Defendant Duron Tech, awarding Plaintiffs their damages as set out in **Exhibit A-1** and **Exhibit A-2** for the amount of **$274,283.03**. and set the deadline for Plaintiffs to file their motion for costs and attorney's fees at twenty-one (21) days after entry of the final judgment, and for such other and further relief that the Court deems appropriate.

Respectfully Submitted,

_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Federal I.D. No. 713316
Eddie Hodges Jr.
Texas Bar No. 24116523
Federal ID No. 3479748
Email: alfonso.kennard@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
Kennard Law, P.C
5120 Woodway Dr. Ste. 10010
Houston Texas 77057
Main: (713) 742-0900
Fax: (713) 742-0951
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on this 8th day of February 2022, a true and correct copy of this Motion for Final Default Judgment was filed with the Court using the Court's CM/ECF system and served on Defendant through Certified Mail Return Receipt Requested (CMRRR).

Duron Tech c/o Edward A. Ramos
12633 Reed Road,
Sugar Land, TX 77478
Defendant

_____
Alfonso Kennard, Jr.